

21-3040-cv
Starzynski v. Stanley Black & Decker, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1       At a stated term of the United States Court of Appeals for the Second Circuit,
2   held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the
3   City of New York, on the 21st day of December, two thousand twenty-two.
4
5       PRESENT:   ROSEMARY S. POOLER,
6                  DENNY CHIN,
7                  RAYMOND J. LOHIER, JR.,
8                       *Circuit Judges.*
9   -----------------------------------------------------------------
10  SABINA STARZYNSKI,
11
12                  *Plaintiff-Appellant*,
13
14       v.                                              No. 21-3040-cv
15
16  STANLEY BLACK & DECKER, INC.,
17
18                  *Defendant-Appellee.*
19  -----------------------------------------------------------------
20  FOR PLAINTIFF-APPELLANT:           James V. Sabatini, Sabatini &
21                                     Associates, LLC, Newington,
22                                     CT
23

MANDATE ISSUED ON 01/11/2023

1      FOR DEFENDANT-APPELLEE:      Nicholas N. Ouellette, Kurien
2      Ouellette LLC, West Hartford,
3      CT
4
5      Appeal from a judgment of the United States District Court for the District

6  of Connecticut (Vanessa L. Bryant, *Judge*).

7      UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

8  AND DECREED that the judgment of the District Court is AFFIRMED.

9      In this case brought under Title VII of the Civil Rights Act of 1964, 42

10  U.S.C. § 2000e et seq., Sabina Starzynski appeals from a December 6, 2021

11  judgment of the United States District Court for the District of Connecticut

12  (Bryant, J.) dismissing her retaliation claim for failure to state a claim and

13  granting summary judgment in favor of Stanley Black & Decker, Inc. ("Stanley")

14  on her hostile work environment claim.  We assume the parties' familiarity with

15  the underlying facts and the record of prior proceedings, to which we refer only

16  as necessary to explain our decision to affirm.

17      We review de novo the District Court's dismissal of Starzynski's retaliation

18  claim for failure to state a claim.  Dolan v. Connolly, 794 F.3d 290, 293 (2d Cir.

19  2015).  To establish a prima facie claim of retaliation, a plaintiff must allege that

20  she participated in protected activity known to her employer and that she

1   suffered a "materially adverse" employment action that was causally connected

2   to that activity.  Hicks v. Baines, 593 F.3d 159, 164-65 (2d Cir. 2010).  In the

3   context of a retaliation claim, a "materially adverse" employment action is an

4   action that "might have dissuaded a reasonable worker from making or

5   supporting a charge of discrimination."  Tepperwien v. Entergy Nuclear

6   Operations, Inc., 663 F.3d 556, 568 (2d Cir. 2011) (quoting Burlington N. & Santa

7   Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)).  That standard "covers a broader

8   range of conduct than does the adverse-action standard for claims of

9   discrimination" and "is not limited to discriminatory actions that affect the terms

10  and conditions of employment."  Vega v. Hempstead Union Free Sch. Dist., 801

11  F.3d 72, 90 (2d Cir. 2015).  Examples of materially adverse employment actions in

12  the context of a retaliation claim include, but are not limited to: "termination of

13  employment, a demotion evidenced by a decrease in wage or salary, a less

14  distinguished title, a material loss of benefits, [or] significantly diminished

15  material responsibilities."  Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 609

16  (2d Cir. 2006) (quotation marks omitted).  An employer's "enforce[ment] [of] its

17  preexisting disciplinary policies in a reasonable manner" does not amount to a

18  materially adverse employment action.  Rivera v. Rochester Genesee Reg'l

3

1     <u>Transp. Auth.</u>, 743 F.3d 11, 26 (2d Cir. 2014) (quotation marks omitted).

2          Starzynski argues that Stanley's decision to assign her a "point" for

3     missing work constituted a materially adverse employment action that was

4     causally connected to her protected activity.  We disagree that Starzynski has

5     adequately alleged that Stanley's assignment of a point was sufficiently material

6     that it would dissuade a reasonable worker from making or supporting a charge

7     of discrimination.  The plausible inference from the complaint is that Stanley's

8     assignment of a "point" was enforcement of a policy against absenteeism, but

9     enforcement of a disciplinary policy "in a reasonable manner" does not amount

10     to a materially adverse action.  <u>Rivera</u>, 743 F.3d at 26.  Nor does Starzynski allege

11     that it was unreasonable for Stanley to award her a "point."  And, even if, as

12     Starzynski here alleges, the accumulation of points over time can eventually lead

13     to discipline, including termination, the assignment of the single point itself is

14     not alleged to have been material or to have otherwise altered Starzynski's

15     working conditions.  <u>See</u> <u>Tepperwien</u>, 663 F.3d at 568 ("Actions that are trivial

16     harms — <u>i.e.</u>, those petty slights or minor annoyances that often take place at

17     work and that all employees experience — are not materially adverse.")

18     (quotation marks omitted).  We therefore affirm the judgment insofar as it

1   dismissed Starzynski's retaliation claim.

2       We also review <u>de novo</u> the District Court's grant of summary judgment

3   on Starzynski's hostile work environment claim.  <u>Bey v. City of New York</u>, 999

4   F.3d 157, 164 (2d Cir. 2021).  Where, as here, "a hostile work environment is

5   created by a co-worker who is not a supervisor, the employer can still be liable,

6   but only for its own negligence." <u>Bentley v. AutoZoners, LLC</u>, 935 F.3d 76, 92 (2d

7   Cir. 2019) (quotation marks omitted).  "To demonstrate such negligence, a

8   plaintiff must adduce evidence that the employer failed to provide a reasonable

9   avenue for complaint or that it knew, or in the exercise of reasonable care should

10   have known, about the harassment yet failed to take appropriate remedial

11   action." <u>Id.</u>

12       On appeal, Starzynski argues that, in granting summary judgment, the

13   District Court improperly excluded as inadmissible hearsay her testimony as

14   well as the testimony of certain other witnesses suggesting that Stanley was

15   aware that Matthew Deconti, her alleged harasser, had previously sexually

16   harassed other Stanley employees, but that Stanley had failed to take remedial

17   action.  Starzynski forfeited this argument by raising it for the first time on

18   appeal, and we decline to consider it.  <u>See</u> <u>United States v. Gomez</u>, 877 F.3d 76,

5

1   94-95 (2d Cir. 2017).  But even if we did consider this argument, the relevant

2   testimony, which only conveyed information that other employees told the three

3   deponents, is inadmissible hearsay.  <u>See</u> Fed. R. Evid. 801(c); <u>Porter v.</u>

4   <u>Quarantillo</u>, 722 F.3d 94, 97 (2d Cir. 2013) ("[O]nly admissible evidence need be

5   considered by the trial court in ruling on a motion for summary judgment.")

6   (quotation marks omitted).  As Starzynski advances no other arguments on

7   appeal that challenge the District Court's grant of summary judgment, we affirm

8   its dismissal of the hostile environment claim.

9         We have considered Starzynski's remaining arguments and conclude that

10   they are without merit.  For the foregoing reasons, the judgment of the District

11   Court is AFFIRMED.

12               FOR THE COURT:
13               Catherine O'Hagan Wolfe, Clerk of Court



6